SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## State v. Fedner Pierre-Louis (A-61-12) (071552)

**Argued January 7, 2014 -- Decided February 10, 2014**

**PER CURIAM**

The issue in this appeal is whether defendant's petition for post-conviction relief (PCR), based on a claim of ineffective assistance of counsel, satisfied the two-prong test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by this Court in State v. Fritz, 105 N.J. 42, 58 (1987).

In December 2004, defendant Fedner Pierre-Louis was convicted by a jury of aggravated manslaughter, robbery, felony murder, unlawful possession of a firearm, and possession of a firearm for an unlawful purpose. The charges related to the killing of Dr. Jeffrey Perchick in March 2002 in the parking lot of the Wyndham Hotel in Elizabeth. Among other penalties, the trial court sentenced defendant to forty-five years' imprisonment for felony murder, with a period of parole ineligibility of eighty-five percent.

Defendant filed a PCR petition, claiming he had received ineffective assistance of counsel because his trial attorney failed to investigate his case adequately, failed to serve an alibi notice, and failed to assert an alibi defense. On January 12, 2009, the trial judge granted the petition. The State moved for reconsideration and on January 30, 2009, following a second evidentiary hearing, the judge reversed the earlier ruling. The Appellate Division affirmed substantially for the reasons stated on the record after the second hearing. The Supreme Court granted defendant's petition for certification. 213 N.J. 569 (2013).

**HELD:** The trial court's findings were not sufficient on either prong of the Strickland/Fritz standard to allow for a definitive ruling on defendant's PCR petition or appellate review of that decision.

1. To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the familiar two-prong test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by this Court in State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the outcome. The Court concludes that the trial court's findings were not sufficient on either prong to allow for a definitive ruling on defendant's PCR petition or appellate review of that decision. (pp. 2-3)

2. The matter is remanded to the trial court for a new hearing. At the hearing, the parties should present live testimony of the witnesses they intend to rely on so that the court can make credibility findings and draw legal conclusions as to both prongs of the Strickland/Fritz test. (p. 3)

The trial court's order is **REVERSED** and the matter is **REMANDED** for a new evidentiary hearing.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in the Court's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

FEDNER PIERRE-LOUIS,

    Defendant-Appellant.

       Argued January 7, 2014 – Decided February 10, 2014

       On certification to the Superior Court, Appellate Division.

       Stefan Van Jura, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Mr. Van Jura and Alan I. Smith, Designated Counsel, on the briefs).

       Sara B. Liebman, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Grace H. Park, Acting Union County Prosecutor, attorney).

    PER CURIAM

    This case involves an appeal from an order denying a petition for post-conviction relief (PCR). In December 2004, defendant Fedner Pierre-Louis was convicted by a jury of aggravated manslaughter, robbery, felony murder, unlawful possession of a firearm, and possession of a firearm for an unlawful purpose. The charges related to the killing of Dr.

1

Jeffrey Perchick in March 2002 in the parking lot of the Wyndham Hotel in Elizabeth.  Dr. Perchick and his wife had just arrived at the hotel, located near Newark Liberty International Airport, the night before a planned vacation to Mexico.  Among other penalties, the trial court sentenced defendant to forty-five years' imprisonment for felony murder, with a period of parole ineligibility of eighty-five percent.

Defendant filed a PCR petition in August 2007.  He claimed that he had received ineffective assistance of counsel because his trial attorney failed to investigate his case adequately, failed to serve an alibi notice, and failed to assert an alibi defense.  After an initial evidentiary hearing, the trial judge granted the petition on January 12, 2009.  The State moved for reconsideration, and the judge conducted a second evidentiary hearing on January 29, 2009.  Just prior to retiring from judicial service, the judge reversed the earlier ruling and reinstated defendant's conviction on January 30, 2009.  The Appellate Division affirmed the denial of defendant's petition substantially for the reasons stated on the record after the second hearing.

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the familiar two-prong test outlined in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by this Court in

State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the outcome. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; Fritz, supra, 105 N.J. at 58.

Based on our review of the trial court's oral opinion delivered on January 30, 2009, we conclude that the court's findings were not sufficient on either prong of the Strickland/Fritz standard to allow for a definitive ruling on defendant's PCR petition or appellate review of that decision. We therefore remand to the trial court for a new hearing. See State v. Harris, 181 N.J. 391, 416 (2002) (noting that appellate court can remand PCR proceedings to different trial court to "generate a new record and render fresh factual findings and legal conclusions" when necessary); see also State v. Randolph, 210 N.J. 330, 349 (2012) (observing that sentencing judge must evaluate relevant factors and "'explain[] that evaluation on the record in sufficient detail to permit appellate review'" (internal citation omitted)).

At the hearing, the parties should present live testimony of the witnesses they intend to rely on so that the court can make credibility findings and draw legal conclusions as to both prongs of the Strickland/Fritz test. The court may invite the parties to submit proposed findings of fact after the

3

presentation of evidence. We offer no opinion as to the appropriate outcome of the hearing.

The original trial judge has retired and is serving on recall. In light of the history of this case and the prior rulings entered in connection with the PCR petition, we direct, in an abundance of caution, that a different judge be assigned to conduct the new evidentiary hearing.

For the reasons set forth above, we reverse the trial court's order dated January 30, 2009, denying defendant's PCR petition, and remand for a new evidentiary hearing.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in the Court's opinion.

SUPREME COURT OF NEW JERSEY

NO. ___A-61___                    SEPTEMBER TERM 2012

ON CERTIFICATION TO _____Appellate Division, Superior Court_____

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

           v.

FEDNER PIERRE-LOUIS,

      Defendant-Appellant.

DECIDED _____February 10, 2014_____

        Chief Justice Rabner      PRESIDING

OPINION BY _____Per Curiam_____

CONCURRING/DISSENTING OPINIONS BY _____

DISSENTING OPINION BY _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |