**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0790-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FEDNER PIERRE-LOUIS,

    Defendant-Appellant.

_____

Submitted April 4, 2017 — Decided September 6, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 02-10-1296.

Joseph E. Krakora, Public Defender, attorney for appellant (Alan I. Smith, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Fedner Pierre-Louis appeals from a July 2, 2015 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. On appeal, defendant raises the following single-point argument:

> POINT I
>
> THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE DEFENDANT ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT TRIAL COUNSEL'S DECISION NOT TO PRESENT AN ALIBI DEFENSE WAS INEFFECTIVE ASSISTANCE OF COUNSEL.

Defendant presents the following additional point in a pro se supplemental brief:

> THE POST CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT POST CONVICTION RELIEF BASED UPON TRIAL COUNSEL'S FAILURE TO PROVIDE ADEQUATE LEGAL REPRESENTATION TO DEFEENDANT REGARDING WHETHER TO CALL ALIBI WITNESSES TO TESTIFY AT TRIAL, SINCE ITS FACTUAL FINDINGS WERE NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE ARISING OUT OF THE REMAND EVIDENTIARY HEARING AND THEREFORE, ARE NOT ENTITLED TO DEFERENCE ON APPEAL.

For the reasons that follow, we affirm.

We glean the following facts and procedural history from the record. On March 1, 2002, Dr. Jeffrey Perchick was robbed and shot in a hotel parking lot at Newark Liberty International Airport. He died from his injuries. On December 10, 2004, defendant was found guilty by a jury of first-degree aggravated manslaughter of Dr. Perchick, N.J.S.A. 2C:11-4(a)(1), as a lesser-

2

included offense of knowing and purposeful murder; first-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). After merger, defendant was sentenced to a forty-five-year prison term with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, for felony murder. In addition, a consecutive five-year term for unlawful possession of a firearm was imposed.

On direct appeal, we affirmed defendant's conviction, but remanded for resentencing because the sentence for unlawful possession of a firearm exceeded "the now defunct presumptive term of four years." State v. Pierre-Louis, No. 2950-05 (App. Div. April 13, 2007) (slip op. at 15). The Supreme Court denied certification. State v. Pierre-Louis, 192 N.J. 71 (2007).

Defendant subsequently filed a PCR petition alleging his two trial counsel were ineffective for failure to conduct an adequate investigation, failure to serve a notice of alibi, Rule 3:12-2, and failure to assert an alibi defense. Following an evidentiary hearing, the PCR judge granted defendant relief. However, the judge granted the State's motion for reconsideration based upon newly discovered evidence, and after a second evidentiary hearing

3

reversed its prior ruling and reinstated defendant's conviction. We affirmed the denial of PCR. State v. Pierre-Louis, No. A-0669-09 (App. Div. Aug. 20, 2012), certif. granted, 216 N.J. 577 (2014). The Supreme Court reversed and remanded for a third evidentiary hearing. State v. Pierre-Louis, 216 N.J. 577, 579-80 (2014). The Court stated:

> At the [remand] hearing, the parties should present live testimony of the witnesses they intend to rely on so that the court can make credibility findings and draw legal conclusions as to both prongs of the Strickland/Fritz[1] test. The court may invite the parties to submit proposed findings of fact after the presentation of evidence. We offer no opinion as to the appropriate outcome of the hearing.
>
> [Id. at 580].

On remand, Judge Joseph P. Donohue, who did not conduct the initial PCR proceedings,[2] conducted an evidentiary hearing regarding defendant's claim that trial counsel failed to present his alibi defense that was he was home when Dr. Perchick was murdered. Ibid. After the three-day hearing, Judge Donohue issued

---

[1] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), adopted by New Jersey in State v. Fritz, 105 N.J. 42, 58 (1987)).

[2] The Court held due to "the history of this case and the prior rulings entered in connection with the PCR petition, we direct, in an abundance of caution, that a different judge be assigned to conduct the new evidentiary hearing." Pierre-Louis, supra, 216 N.J. at 580.

a thorough and well-reasoned written decision denying PCR because defendant did not satisfy the two-prong Strickland-Fritz[3] ineffective assistance of counsel standard, which requires a showing of the particular manner in which counsel's performance was deficient and that the deficiency prejudiced his right to a fair trial.

Judge Donohue found that the testimony provided by defendant and his three witnesses, his father, sister, and a friend, was not believable.  He noted that in December 2002, before defendant received the discovery from the State, defendant advised his first counsel to present an alibi defense that he was in school when the murder occurred.  Defendant's alibi changed in June 2006, a year after he received the discovery. Since his school classes were over at 9:30 p.m., defendant told his second trial counsel that he was home playing videogames with friends when the murder occurred.  The judge also pointed out that despite giving three statements to police shortly following the murder in 2002, it was not until June 2006 that defendant mentioned the videogames alibi.

The judge further noted that defendant's father and sister did not give formal statements supporting his videogame alibi

---

[3] Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; Fritz, supra, 105 N.J. at 58.

5

until August 2008, and that his friend also waited years to give an alibi statement for defendant, but could not recall to whom he gave the statement. In sum, the judge found defendant and his witnesses to be vague and evasive.

On the other hand, Judge Donohue found the State's witnesses, defendant's two counsel and the Office of Public Defender investigator, were credible and not "deceitful or disingenuous," and that a more than adequate defense investigation was conducted. Before discovery was provided to the defense, defendant's first counsel had the investigator speak with defendant and obtain his school records, which indicated that defendant was absent the day of the murder. The investigator also spoke to two of defendant's teachers and several of his friends, who stated they were in school with defendant from 3:00 p.m. to 9:00 p.m. the day of the murder. After the second defense counsel took over, he decided not to pursue the school alibi because the murder occurred around 10:15 p.m., forty-five minutes after defendant's last class. Counsel then focused his investigation on the strength of defendant's newly raised videogame alibi.

After meeting defendant's father and sister, counsel determined they lacked credibility and would not be good witnesses. At a pre-trial N.J.R.E. 404(b) hearing regarding defendant's alleged possession of the murder weapon, counsel subpoenaed

6

defendant's friends who were allegedly playing videogames with him when the murder occurred. Counsel concluded they gave "angry, inconsistent, and unbelievable" testimony and would not be good alibi witnesses. Defendant's friend, who Judge Donohue noted was not credible at the PCR evidentiary hearing, did not testify at the 404(b) hearing. Importantly, the second defense counsel testified that defendant agreed with his trial strategy not to present the alibi defense because his friends and family would not be good witnesses. Hence, counsel pursued the strategy of third party guilt and the State's inability to prove defendant's guilt beyond a reasonable doubt.

Applying his factual findings, Judge Donohue reasoned that defendant failed to demonstrate that his counsel were ineffective as required by the first prong of Strickland/Fritz test. The judge determined that there was no "lack of investigation or preparation" and counsel provided "sound legal strategy [] not [to] put forward an alibi defense." As for the test's second prong, the judge found there was no prejudice to defendant by not presenting the alibi defense because his family and friends did not provide credible testimony to support an alibi, and his friends' 404(b) testimony linked him to the murder weapon. This appeal followed.

7

Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, supra, 200 N.J. at 15). We owe particular deference to the trial judge's credibility determinations. See State v. Locurto, 157 N.J. 463, 470-71 (1999).

A defense attorney's trial strategy is generally not second-guessed in a PCR proceeding. State v. Gary, 229 N.J. Super. 102, 115-16 (App. Div. 1988). To the contrary, trial counsel's informed strategic decisions demand our heightened deference, and "are virtually unchallengeable." Strickland, supra, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons

8

expressed by Judge Donohue in his thorough and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0790-15T1