**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1716-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CASSEY GROSS,[1]

    Defendant-Appellant.

_____

Submitted January 11, 2017 — Decided October 10, 2017

Before Judges Fuentes and Simonelli.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
07-11-2589.

Joseph E. Krakora, Public Defender, attorney
for appellant (Alan I. Smith, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel and
on the brief; Anthony Puglisi, Legal
Assistant, on the brief).

---

[1] Referenced in the record also as Cassey Nicole Gross and Cassey
N. Gross.

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Cassey Gross appeals from the order of the Criminal Part denying her post-conviction relief (PCR) petition. We affirm.

On December 16, 2009, defendant negotiated an agreement with the State through which she agreed to plead guilty to count one of Monmouth County Indictment 07-11-2589, which charged her with first degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3a. In exchange, the State agreed to recommend that the court sentence defendant to a term of fifteen years, with an eighty-five percent period of parole ineligibility and five years of parole supervision as mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2. The State also agreed to dismiss count two of the Indictment, which charged defendant with first degree murder, N.J.S.A. 2C:11-3a(1)/(2). On March 9, 2010, the court sentenced defendant in accordance with the terms of the plea agreement.

Defendant appealed through the summary process provided under Rule 2:9-11. Defendant challenged both the length of the sentence and the adequacy of the factual basis she gave at the plea hearing. After hearing oral argument as provided by Rule 2:9-11, we affirmed. State v. Cassey Gross, Docket A-5887-09 (App. Div. Oct. 20, 2011). Defendant thereafter filed a pro se PCR petition on

October 24, 2012. Court-assigned PCR counsel filed an amended petition and supporting brief arguing defendant received ineffective assistance of trial counsel because the factual basis she provided at the plea hearing was insufficient.

On December 20, 2013, the court-assigned PCR counsel withdrew as attorney of record for defendant in this case. The court assigned new counsel to represent defendant in the prosecution of this PCR petition. In a certification attached to his request to withdraw, the first PCR counsel represented to the court that he had given replacement counsel all of the discovery in his possession. Replacement counsel acknowledged receipt of this discovery material, which his predecessor had originally obtained from the Monmouth County Prosecutor's Office.

At a status conference held by the PCR judge on June 9, 2014, defendant's new PCR counsel represented to the court that the prosecutor had not provided him with all of the discovery in the case. In a letter dated June 12, 2014, the Assistant Prosecutor assigned to this case apprised the new PCR counsel that it was "not the policy of this Office to duplicate an entire case file in post-conviction relief proceedings[.]" To illustrate the magnitude of the problem, the prosecutor noted that the file in this case "consists of five boxes of documents." Finally, the prosecutor argued that pursuant to State v. Marshall, 148 N.J. 89,

268-71, <u>cert. denied</u>, 522 <u>U.S.</u> 850, 118 <u>S. Ct.</u> 140 (1997), a defendant "has no automatic right to such discovery on PCR."

The prosecutor nevertheless advised PCR counsel that the State would be willing to consider a written request to provide "specific, relevant documents" that PCR counsel did not have in his possession and was not otherwise able to obtain from the attorney who represented defendant at the time she pled guilty. In a letter dated June 16, 2014, PCR counsel rejected the prosecutor's proposal and requested to schedule a date and time "when I can come to your office and review the aforementioned documents. I will then be able to identify the specific documents of which I require copies." By letter dated June 18, 2014, the prosecutor rejected PCR counsel's request and cited the Supreme Court's admonition in <u>Marshall</u> concerning the right to discovery in PCR proceedings.

> [O]ur Court Rules concerning petitions for PCR, <u>see</u> <u>R.</u> 3:22-1 to -12, do not contain any provision authorizing discovery in PCR proceedings. Moreover, the general discovery obligations contained in the Rules Governing Criminal Practice, <u>see</u> <u>R.</u> 3:13-2 to -4, do not extend to post-conviction proceedings. Defendant relies on <u>Rule</u> 3:13-3(g), which refers to parties' "[c]ontinuing [d]uty to [d]isclose" discoverable materials. However, that obligation continues only "during trial." Thus, our Court Rules do not explicitly authorize the discovery requested by defendant in this case.

4

[<u>Marshall</u>, <u>supra</u>, 148 <u>N.J.</u> at 268.]

On June 25, 2014, defendant moved before the PCR judge to obtain an order to compel the State to provide discovery. In addition to the written submissions of the parties, the judge heard oral argument from counsel on August 29, 2014. Without citing legal authority, PCR counsel argued the State had an obligation to provide discovery in a PCR proceeding. PCR counsel asked the court that "the State be made to copy the entire file, every scrap of paper, and get it to my office within seven days, and then we can set this down for a hearing." Citing the Court's holding in <u>Marshall</u>, the PCR judge denied defendant's motion.

Defendant's PCR petition came before the court for oral argument on October 17, 2014. PCR counsel argued defendant received ineffective assistance when both her trial and appellate counsel failed to challenge the sufficiency of the factual basis she gave at the plea hearing. PCR counsel also claimed that defendant's trial counsel should have investigated the case to determine what role, if any, defendant played in the conspiracy to kill the victim. The PCR judge denied the petition in an order dated October 22, 2014. The judge explained the basis of his ruling in a memorandum of opinion attached to the order.

Defendant now appeals raising the following arguments:

POINT ONE

THE ORDER DENYING POST-CONVICTION RELIEF
SHOULD BE REVERSED AND THE MATTER REMANDED FOR
AN EVIDENTIARY HEARING BECAUSE THE ISSUES
ADVANCED IN DEFENDANT'S PETITION, INCLUDING
TRIAL COUNSEL'S SILENCE DURING THE
UNTRUSTWORTHY PRO FORMA PLEA ALLOCUTION, AND
TRIAL COUNSEL'S FAILURE TO INTERVIEW CO-
DEFENDANT NIKKI MOORE, PRESENTED THE COURT
WITH PRIMA FACIE PROOF OF INEFFECTIVE
ASSISTANCE OF COUNSEL BY A PREPONDERANCE OF
THE EVIDENCE.

POINT TWO

DEFENDANT MADE A PRIMA FACIE SHOWING OF
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
BECAUSE APPELLATE COUNSEL'S DECISION TO
PRESENT DEFENDANT'S APPEAL BEFORE THE
EXCESSIVE SENTENCE PANEL INSTEAD OF PURSUING
A PLENARY APPEAL DEPRIVED DEFENDANT OF THE
OPPORTUNITY TO ARGUE THAT THE FACTUAL BASIS
FOR HER PLEA WAS INSUFFICIENT.

POINT THREE

THE ORDER DENYING POST-CONVICTION RELIEF
SHOULD BE REVERSED BECAUSE IT VIOLATED
DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF
COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT
TO THE UNITED STATES CONSTITUTION.

POINT FOUR

DEFENDANT'S POST-CONVICTION RELIEF MOTION TO
COMPEL DISCOVERY SHOULD HAVE BEEN GRANTED.

A PCR petition is our State's analogue to the federal writ
of habeas corpus. See State v. Afanador, 151 N.J. 41, 49 (1997).
We review a claim of ineffective assistance of counsel under the
two-prong test established by the United States Supreme Court in

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Second, she must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. Our Supreme Court has consistently upheld and applied these standards over the thirty years since Fritz was decided. See State v. Pierre-Louis, 216 N.J. 577, 579 (2014).

In determining a claim of ineffective assistance of counsel in a case in which a defendant pled guilty, "the issue is whether it is ineffective assistance of counsel for counsel to provide misleading, material information that results in an uninformed plea, and whether that occurred here." State v. Nunez-Valdez, 200 N.J. 129, 139-40 (2009). Here, defendant challenges the sufficiency of the factual basis she gave in support of her guilty plea to first degree conspiracy to commit murder. She claims her trial attorney should have challenged the factual basis.

Our standard of review concerning the sufficiency of a factual basis to support a guilty plea is de novo because:

> An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense. When reviewing the adequacy of the factual basis to a guilty plea, the trial court is not making a determination based on witness credibility or the feel of the case, circumstances that typically call for deference to the trial court.
>
> [State v. Tate, 220 N.J. 393, 403 (2015).]

Defendant pled guilty to the crime of conspiracy to commit murder. Under our criminal code,

> a. A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he:
>
> (1) Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) Agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.
>
> [N.J.S.A. 2C:5-2 (emphasis added).]

The record of the plea hearing shows defendant admitted to being a member of "the Bloods," a notoriously violent street gang. Defendant was present and participated in the meeting where the conspiracy to murder the victim was formed. The conspirators, including defendant, designated who would actually carry out the

plan to kill the victim. The plan was executed and resulted in the victim's death. Defendant's answers under oath in response to her attorney's questions at the plea hearing satisfied the elements of conspiracy under N.J.S.A. 2C:5-2a. We discern no legal grounds to question the adequacy of defendant's factual basis.

Even if we were to conclude trial counsel's failure to challenge the adequacy of the factual basis satisfies the first prong under Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; Fritz, supra, 105 N.J. at 58, there is no evidence from which to find this would have caused defendant to reject the plea agreement. Independent of this analysis, we also agree with the State's argument that defendant is procedurally barred from raising this issue in a PCR petition pursuant to Rule 3:22-5. The record of the oral argument conducted as part of defendant's direct appeal under Rule 2:9-11 clearly shows appellate counsel raised the adequacy of defendant's factual basis as an issue. We rejected this argument and affirmed the conviction and sentence.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the PCR judge in his memorandum of opinion dated October 22, 2014.

As a final note, we are compelled to offer the following comment with respect to PCR counsel's demand that the State provide discovery in this case. As a starting point, PCR counsel's legal position completely ignored the consistent, unequivocal standards established by our Supreme Court twenty years ago in Marshall. These standards were recently reaffirmed by Chief Justice Rabner on behalf of a unanimous Court:

> The scope of permissible discovery at that stage is limited. "[O]nly in the unusual case will a PCR court invoke its inherent right to compel discovery." State v. Marshall, 148 N.J. 89, 270, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).
>
> As this Court has explained, "[t]he filing of a petition for PCR is not a license to obtain unlimited information from the State, but a means through which a defendant may demonstrate to a reviewing court that he was convicted or sentenced in violation of his rights." Ibid. (citing R. 3:22-2). As a result, "any PCR discovery order should be appropriately narrow and limited." Ibid. (citations omitted). This Court has also directed that unless there are exceptional circumstances, "a defendant seeking to inspect State files should identify the specific documents sought for production." Id. at 271, 690 A.2d 1. A PCR judge may view those documents in camera before deciding whether to order their disclosure. Ibid. The PCR judge's discovery order is reviewed on appeal for abuse of discretion. See id. at 272.
>
> To obtain PCR relief, defendants must carry "the burden of proving that barring the petition would lead to injustice." State v. Mitchell, 126 N.J. 565, 587 (1992) (citation

omitted). To make that assessment, "courts will look to whether the judicial system has provided the defendant with fair proceedings leading to a just outcome." Ibid. Although a defendant need not prove that "the issue of concern cost him the case, . . . 'there should at least be some showing that . . . [the alleged violation] played a role in the determination of guilt.'" Ibid.

[State v. Herrerra, 211 N.J. 308, 328-29 (2012).]

Although legal principles are subject to continuous revision by the nature of our adversary system, PCR counsel should have adopted a less strident, more deferential position to the rule of law. The prosecutor's response, by contrast, was in keeping with the highest standard of congeniality and professionalism. This is particularly noteworthy considering that "[t]he primary duty of a prosecutor is not to obtain convictions, but to see that justice is done." State v. Ramseur, 106 N.J. 123, 320 (1987).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1716-14T1