**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4319-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MATTHEW J. RIBOLDI,

     Defendant-Appellant.

_____

Submitted October 10, 2019 – Decided April 20, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 12-01-0106.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Frederic M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Cristina Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Matthew J. Riboldi appeals from the order of the Law Division, Criminal Part, denying his post-conviction relief (PCR) petition. Defendant argues the PCR judge erred in denying his petition because he was denied effective assistance counsel. After reviewing the record developed by the parties before the PCR judge, we affirm.

On February 9, 2012, a Morris County grand jury returned a four-count indictment charging defendant with second degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a(l) and N.J.S.A. 2C:35-5b(2); third degree possession of cocaine, N.J.S.A. 2C:35-10a(l); fourth degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5a(l) and N.J.S.A. 2C:35-5b(12); and third-degree financial facilitation of criminal activity, N.J.S.A. 2C:21-25a.

On July 23, 2012, defendant entered into a negotiated agreement with the State through which he pled guilty to third degree possession of cocaine with intent to distribute. In exchange, the State agreed to dismiss the remaining charges in the indictment. With respect to sentencing, question thirteen on the standard plea form provided: "Prosecutor reserves the right to speak and request a sentence for up to five years [in] New Jersey State Prison. Defense Counsel reserves the right to request time served/probation."

As required by Rule 3:9-2, the trial judge questioned defendant directly on the record and under oath, to ensure he was aware of the terms of the plea agreement and had voluntarily agreed to waive his constitutional rights, including his right to challenge the State's case at trial. The judge asked defendant the following questions:

> THE COURT: Do you suffer from any physical or mental impairment that may affect your judgment or ability to understand the proceedings?
>
> DEFENDANT: No.
>
> . . . .
>
> THE COURT: Did you read and understand each page [of the plea agreement] before you initialed or signed it?
>
> DEFENDANT: I did.
>
> . . . .
>
> THE COURT: And did you have enough time to consult with [your attorney] and anyone else you wanted to consult with before making your decision to plead guilty?
>
> DEFENDANT: Yes.

The record also shows the judge asked defendant a number of questions concerning his interactions with trial counsel. As the following exchange

shows, defendant did not express any dissatisfaction or concerns about trial counsel's performance.

THE COURT: Did [your attorney] go over all of the charges with you?

DEFENDANT: She did.

THE COURT: Did she go over all of your rights?

DEFENDANT: Yes. She did.

THE COURT: Did she go over and explain to you all the discovery and evidence?

DEFENDANT: Yes.

THE COURT: And did she also explain to you the potential consequences if you were to be found guilty after a trial?

DEFENDANT: She did.

THE COURT: And did she also explain to you the consequences of entering a guilty plea under this particular plea agreement?

DEFENDANT: Yes.

THE COURT: [Has] she answered all of your questions to your satisfaction?

DEFENDANT: Yes. She has.

THE COURT: Are you satisfied with her services in general?

4

DEFENDANT: Yes. I am.

The judge also asked defendant the following questions to ensure he understood the legal ramifications of entering into the plea:

THE COURT: Before I accept your guilty plea, I want you to understand something very clearly. Once I do accept this guilty plea, it would be extraordinarily difficult for you to withdraw it. Do you understand?

DEFENDANT: Yes. I do.

THE COURT: If you were to come back to me and you would say, Judge, I changed my mind, I want to go to trial, that would not be a basis to vacate the guilty plea. Do you understand?

DEFENDANT: Yes.

THE COURT: If you came back to me and you said, you know what, Judge, I didn't understand what was going on at that plea hearing, or I didn't understand my rights, or my attorney's advice or the charges, or my judgement was clouded for some reason, if you told me any of those things, I'd have a real hard time believing you because you testified today, under oath in open court and on the record, that none of those things happened. Do you understand?

DEFENDANT: I do understand.

THE COURT: If you came back to me and said, you know what, Judge, someone forced me to plead guilty or someone threatened me, or my attorney told me I had to plead guilty, I had no choice, or I wasn't happy with my attorney's services, or I didn't have enough time to talk to her, or someone promised me something that's

5

not on the record or in the plea form, if you told me any of those things, again, I'd have a real hard time believing you because you testified today that none of those thing happened. Do you understand?

DEFENDANT: I do understand.

THE COURT: Knowing all these things, I'm going to give you an opportunity to take more time if you need it. You can take as much time as you need, to think about it. Or you can ask me to accept your guilty plea now. What do you want me to do?

DEFENDANT: I'd like you to accept my guilty plea because I am, in fact, guilty. And I'm very sorry for the crimes I've committed.

[(Emphasis added).]

On August 10, 2012, the court sentenced defendant to a four-year term of probation and imposed the mandatory fines and penalties. Defendant did not file a direct appeal to this court challenging any aspect of the plea hearing or the sentence imposed by the court. On May 2, 2017, defendant filed a pro se PCR petition alleging ineffective assistance of counsel.

Judge Stephen J. Taylor, P.J. Cr., assigned counsel to represent defendant in this matter. On November 16, 2017, PCR counsel filed a brief in support of defendant's petition. With the assistance of PCR counsel, defendant submitted a supplemental certification in which he averred trial counsel pressured him to plead guilty "by threatening him with years of prison time." For the first time

A-4319-17T1

in this case, defendant asserted he was "innocent" of these charges and claimed he has learning disabilities and a limited understanding of complex issues such as legal procedures, which his attorney was aware, and caused him to not comprehend the plea process.

Judge Taylor heard oral argument from counsel on January 3, 2018. In an order dated January 5, 2018, Judge Taylor denied defendant's petition without an evidentiary hearing. The judge found defendant failed to set out a prima facie case of ineffective assistance of counsel. As Judge Taylor explained: "[T]there is no basis for this court to find that counsel was ineffective because she did not take into account or understand the defendant's learning disability. There is simply no evidence that the defendant had any such disability." Judge Taylor provided the following explanation in support of his decision to reject defendant's allegation that trial counsel pressured him to plead guilty:

> Certainly, if there is undue pressure to the extent that the decision was not the petitioner's decision to plead, would result in nullification of the plea. But all I have is a simple assertion that there was pressure exerted on him to plead.
>
> I don't doubt that trial counsel, looking at evidence in this case and the state prison sentence if the defendant was convicted of a second degree offense might have exerted some pressure on the defendant, explained in real life terms what would happen if the petitioner went to trial and was convicted on these offenses.

A-4319-17T1

So, simply saying there was some pressure by counsel, I don't think amounts to ineffective assistance. And nothing in the petitioner's certification explains exactly what the pressure was; what was said, language used, how it was exerted, the extent of the pressure.

Against these facts, defendant raises the following argument in this appeal:

POINT I

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. I. PAR. 10 OF THE N.J. CONST.

As our Supreme Court has recently reaffirmed, "[t]o prevail on a claim of ineffective assistance of counsel, a defendant must . . . show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the outcome." State v. Pierre-Louis, 216 N.J. 577, 579 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). We discern no legal basis to disturb Judge Taylor's factual findings in his January 3, 2018 statement of reason on the record. Based on these findings, we reject defendant's arguments and affirm substantially for the reasons expressed by Judge Taylor. Under these circumstances, defendant was

not entitled to an evidentiary hearing. <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992); see also <u>R.</u> 3:22-10.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION