**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3913-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER M. KRAFSKY,
a/k/a CHRISTOPH KRAFSKY,
and C-MONEY,

    Defendant-Appellant.

_____

Submitted May 5, 2021 – Decided May 25, 2021

Before Judges Fuentes and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 14-11-0769.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Christopher M. Krafsky appeals from a December 20, 2019 order of the Criminal Part denying his post-conviction relief (PCR) petition without conducting an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Anthony F. Picheca, Jr., in his comprehensive written decision that accompanied the order under review.

I.

On November 20, 2014, a Somerset County grand jury returned an indictment against defendant charging him with strict liability for drug induced death, N.J.S.A. 2C:35-5(a) and 2C:35-9(a) (count one); and third-degree distribution of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (count two). A jury found defendant guilty on count one and count two was dismissed. On January 11, 2016, defendant pled guilty to violations of probation for third-degree distribution of CDS. On February 5, 2016, defendant was sentenced to twelve years' imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on direct appeal, State v. Christopher Krafsky, No. A-2961-51 (App. Div. Mar. 20, 2018), and the Supreme Court denied his petition for certification, 235 N.J. 353 (2018).

A-3913-19

These are the facts that led the jury to find, beyond a reasonable doubt, that defendant was strictly liable for the drug induced death of Richard Johnson. Johnson died from a heroin overdose in the basement of his mother's home the night of December 23, 2013. His parents were divorced and living separately and apart. She discovered his body at 5:00 a.m. when she awoke and notified the police. The investigating officer, Robert Meszaros, found Johnson had communicated by text with an individual named "MAT" the night before, and defendant was the service subscriber for MAT's number. Sprint phone records identified defendant having a P.O. box address in Irvine, California. Because the cellular phone referenced a 908 area code, the officer was able to track defendant down through the New Jersey Motor Vehicle Agency and locate him in Bridgewater.

Meszaros testified that he arranged a meeting with defendant in a shopping mall. Defendant admitted to the officer that on December 23, 2013, he had sold Johnson $50 worth of heroin, which defendant obtained from "Toot." After Meszaros tried to take defendant to the patrol car to record a statement, he invoked his right to remain silent. At trial, defendant testified that both he and Johnson together went to see Toot, who sold heroin to each of them on that date.

A-3913-19

Johnson's father testified that on the night of December 23, at about 11:00 p.m., he took his son to see another man and a quick exchange occurred between the two men on the street. Thereafter, the father took his son back to his mother's house. The father was too far away to identify the other man.

On December 10, 2018, defendant filed this pro se PCR petition alleging ineffective assistance of his defense counsel. The court assigned counsel to represent defendant in the prosecution of his PCR petition. PCR counsel submitted an amended PCR petition in which he claimed trial counsel was ineffective "for not conducting any investigation whatsoever pre-trial through trial and sentencing,"[1] failing to procure Johnson's phone records, and failing to move for a mistrial based on alleged prosecutorial misconduct. Defendant sought to vacate his conviction and sentence. Alternatively, defendant requested an evidentiary hearing on the issues raised.

On October 22, 2019, oral argument was heard on defendant's PCR petition. Judge Picheca rejected defendant's claim of ineffective assistance of trial counsel. In his December 20, 2019 written statement of reasons pursuant to Rule 1:6-2(f), the PCR judge held that defendant did not present a prima facie

---

[1] PCR counsel's brief is not included in the appendix.

A-3913-19

case of ineffective assistance of counsel for failing to obtain additional phone records.  Judge Picheca elaborated:

> Here, [defendant] was required to assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.  [State v.] Cummings, 321 N.J. Super. 154[,] 170 [(App. Div. 1999)].  First, [defendant] failed to support his claims by either an affidavit or certification as required under Cummings.  Ibid. [Defendant] asserts the victim could have made multiple purchases that evening to satisfy his drug addiction; however, there is no proof of this and there is no guarantee this would be found within his text message records.  [Defendant] failed to present any evidence of what those possible text messages would have shown; in essence, he presents only bald assertions that additional investigations would have revealed exculpatory information.  [Ibid.]
>
> Additionally, this [c]ourt believes trial counsel's failure to investigate for more text messages was used against the State and is considered to be trial strategy. [Defendant] argues the messages without further context were devastating, and that counsel should have known better to retrieve those messages.  Counsel, however, referred to the lack of messages in the summations and even said, "[w]e don't have any other texts."  . . . Because this was used against the State, this [c]ourt concludes it was a strategic decision.
>
> Under the second prong of Strickland, there is not a reasonable probability the results of the proceedings would have been different had other text messages, if any at all, been recovered during investigation. [Strickland v. Washington, 466 U.S. 688 (1984).]

> Nothing is offered to suggest they may have directly negated [defendant's] guilt. In fact, it is possible additional text messages could have been even more inculpatory.

Judge Picheca also addressed and rejected the balance of defendant's arguments attacking defense counsel's performance at trial and declining to object or seek a mistrial after closing arguments. Defendant's request for an evidentiary hearing was denied.

Against this record, defendant raises the following arguments in this appeal:

> POINT I
>
> THE COURT ERRED IN FINDING TRIAL COUNSEL NOT INEFFECTIVE IN HIS FAILURE TO INVESTIGATE THE PHONE RECORDS.
>
> POINT II
>
> THE COURT ERRED IN FINDING THAT THE FAILURE TO OBJECT TO THE PROSECUTOR'S SUMMATION DID NOT PREJUDICE DEFENDANT.
>
> POINT III
>
> THE COURT ERRED IN FINDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO MOVE TO SUPPRESS THE TESTIMONY AND REPORT ON THE QUESTIONING OF DEFENDANT.

THE COURT ERRED IN FINDING THAT THE CLAIMS OF INEFFECTIVE ASSISTANCE DID NOT PREJUDICE DEFENDANT AND WOULD NOT HAVE CHANGED THE RESULT OF THE TRIAL.

II.

As our Supreme Court has reaffirmed, "[t]o prevail on a claim of ineffective assistance of counsel, a defendant must . . . show both: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the outcome." State v. Pierre-Louis, 216 N.J. 577, 579 (2014) (citing Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987)).

We have considered defendant's arguments raised in this appeal in view of the record, the applicable legal principles, and our deferential standards of review, and conclude his contentions lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We discern no legal basis to disturb Judge Picheca's factual findings in his written statement of reasons pursuant to Rule 1:6-2(f) attached to his December 20, 2019 order. Based on these findings, we reject defendant's arguments and affirm substantially for the reasons expressed by Judge Picheca. Under these circumstances, defendant was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 461 (1992); see also R. 3:22-10.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3913-19